UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. PRICE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-001267-JMS-TAB |
| | ) |
| INDY TRADING POST, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court are *pro se* Plaintiff Mark A. Price, Jr.'s Complaint, [Filing No. 1], and Motion to Proceed In Forma Pauperis, [Filing No. 2]. This Order first addresses Mr. Price's Motion to Proceed In Forma Pauperis and then screens his Complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court concludes that certain claims must be dismissed. The remaining claims should not proceed while Mr. Price's criminal matter remains pending. The Court therefore stays this matter as to the claims that remain.

**I.**
**MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Mr. Price's Motion to Proceed In Forma Pauperis, [2], meets this standard, and is therefore **GRANTED**. 28 U.S.C. § 1915(a).

The Court notes that, while *in forma pauperis* status allows the plaintiff to proceed without pre-payment of the filing fee, the plaintiff remains liable for the full fees. *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) (every *in forma pauperis* litigant is liable for the filing fee; "all [18 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees") (emphasis in original).

The Court does not have the authority to waive the filing fee, and it remains due despite Plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, *2 (C.D. Ill. 2016) ("The Court does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, *5 (E.D. Wis. 2015) (same principle). The filing fee for *in forma pauperis* litigants is $350. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $400 filing fee includes a $50 administrative fee, but that the administrative fee "does not apply to…persons granted in forma pauperis status under 28 U.S.C. § 1915"). Immediate payment is not required, however the $350 balance remains owing.

## II.
### SCREENING

**A. Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, the "complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by Mr. Price are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

**B. Background**

The following are the factual allegations in the Complaint, which the court must accept as true at this time:

On October 10, 2018, Mr. Price went to the Indy Trading Post (the "Store") on his girlfriend's behalf to look at ammunition and ask questions about ammunition for her. [Filing No. 1 at 6.] At the time, Mr. Price was on parole and was prohibited by law from purchasing ammunition. [Filing No. 1 at 6.] The Store asked for Mr. Price's identification, as if a background check was necessary for the purchase of ammunition. [Filing No. 1 at 6.] The Store conducted the background check solely based on "racial profiling." [Filing No. 1 at 6]. A background check was not necessary because Mr. Price did not indicate he was interested in purchasing anything and because background checks are not required for the purchase of ammunition in Indiana. [Filing No. 1 at 6.] The Store confirmed—through an online public records search and through communications with Special Agent Brian Clancy of the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF")—that Mr. Price had prior convictions and was "ineligible" for purchasing ammunition. [Filing No. 1 at 6.] Although the Store knew of Mr. Price's convictions, the Store did not advise Mr. Price that he was ineligible to purchase ammunition due to his prior convictions. [Filing No. 1 at 6.] Instead, the Store discriminated against Mr. Price and "targeted [him] for a crime because [he] was a black malefactor." [Filing No. 1 at 6.] The Store induced Mr. Price to place an order for ammunition, using a tactic called "mirroring,"[1] and by providing him with discounts and incentives and then refusing to return Mr. Price's money. [Filing No. 1 at

---

[1] Mr. Price's use of the phrase "mirroring" may refer to the method of "[r]epeating the last word or phrase the person said to show you're listening and engaged." Eric Barker, *6 Hostage Negotiation Techniques That Will Get You What You Want*, TIME (Mar. 26, 2014), http://time.com/38796/6-hostage-negotiation-techniques-that-will-get-you-what-you-want/.

2.] Mr. Price would not have attempted to purchase the ammunition if he was "left alone" and not influenced by the Store. [Filing No. 1 at 3.] The Store placed an order for the ammunition for Mr. Price and told him that it would call him once the order was ready to be picked up. [Filing No. 1 at 6.]

On several occasions between October 12 and October 16, 2018, Mr. Price contacted the Store and attempted to rescind his purchase of the ammunition. [Filing No. 1 at 7.] However, the Store refused to provide Mr. Price with a full refund and further encouraged him to continue with the purchase by providing additional incentives including discounts on other items and free shooting range time for Mr. Price and his companion. [Filing No. 1 at 7.] Mr. Price reiterated to the Store that he had no intention of completing the transaction initiated on October 10, 2018 and that he wanted a cash refund. [Filing No. 1 at 7.]

On October 16, 2018, the Store contacted Mr. Price to advise him that the purchased ammunition was ready to be picked up. [Filing No. 1 at 8.] Mr. Price and his girlfriend went to the store to pick up the order and to purchase additional ammunition. [Filing No. 1 at 8.] Mr. Price's girlfriend did not have money with her and she asked Mr. Price to pay for the ammunition for her, which he did. [Filing No. 1 at 8.] The following day, Mr. Price contacted the Store and advised it that he would be returning the ammunition he purchased on his first visit because it was "an unnecessary purchase." [Filing No. 1 at 9.] The Store notified ATF Special Agent Clancy of Mr. Price's phone call and advised him that Mr. Price would be returning to the store that day. [Filing No. 1 at 9.] When Mr. Price returned to the store, Special Agent Clancy was "acting in an un[der]cover capacity" and he and someone who worked for the Store "literally placed a gun in [Mr. Price's] hand, which constitutes a clear violation of the Federal Firearms Laws set forth." [Filing No. 1 at 9.] Mr. Price was only at the store that day to get a cash refund, and the "[ATF]

4

along with [the Store] used that opportunity to apprehend [him] for a crime in which [the Store] originally manufactured." [Filing No. 1 at 9.]

In November 2018, Mr. Price was indicted in the U.S. District Court for the Southern District of Indiana for being a prohibited person in possession of ammunition. [Filing No. 1 at 2]; *United States v. Price*, No. 1:18-cr-348-JMS-MPB (S.D. Ind. filed Oct. 18, 2018). The Criminal Complaint which initiated Mr. Price's criminal matter (preceding the formal Indictment, which serves as the operative charging document at this time) alleges facts that largely tracks his allegations in this case: Mr. Price ordered ammunition at the Store; Store employees asked for Mr. Price's identification; and Store employees contacted law enforcement when they found that Mr. Price had a prior felony conviction. Criminal Complaint, *United States v. Price*, No. 1:18-cr-348-JMS-MPB (S.D. Ind. Oct. 18, 2018), ECF No. 2 at 3. On October 16, 2018, Mr. Price returned to the Store to purchase the ammunition and the next day he was arrested when he returned to the Store. *Id.* at 3-4.

Mr. Price initiated this civil lawsuit on March 28, 2019. [Filing No. 1.] Mr. Price asserts several claims against the Store, alleging that the Store conspired with the ATF to: (1) entrap him into committing the crime; (2) discriminate against him based on his race; and (3) deprive him of his civil rights. Mr. Price asserts that he suffered the following damages due to "the [Store's] negligence and unlawful acts": "emotional distress, pain and suffering, wrongful incarceration, loss of wages, loss of schooling, loss of barber equipment, loss of barber clientel[e], loss of precious and essential time away from [his] spouse and children, damaged reputation, student loan debt, accumulation of bills, and loss of vehicle, clothes, [and] housing." [Filing No. 1 at 10.] Mr. Price seeks the following relief: damages in the amount of $500,000 plus interest and costs, revocation of the Store's federal firearms license, liquidation of the Store's inventory, closure of

the Store's business located at 2851 Madison Ave., Indianapolis, IN 46225, and imprisonment and/or fines imposed on the Store ("indictment charging [the Store] with the sale of ammunition to a prohibited person"). [Filing No. 1 at 4.]

**C. Discussion**

Mr. Price's Complaint cites several statutes and constitutional provisions, apparently as bases for his claims against the Store. Those provisions include:

- Brady Handgun Violence Prevention Act, 18 U.S.C. § 922(d)
- Indiana Code § 35-47-2-7
- 5th Amendment of the United States Constitution (due process)
- 14th Amendment of the United States Constitution (due process, equal protection)
- 8th Amendment of the United States Constitution (cruel and unusual punishment)
- 42 U.S.C. § 1985(3), and
- the Civil Rights Act of 1964 (Title I - 42 U.S.C. § 1981).

Additionally, it appears that the allegations in Mr. Price's Complaint may raise state law claims for negligence and intentional infliction of emotional distress. [*See* Filing No. 1 at 10.]

First, the Court addresses several statutes cited by Mr. Price which do not provide for a private cause of action. Second, the Court addresses the appropriate manner for handling this case while Mr. Price's criminal matter remains pending. The Court will discuss each of these problems in turn.

**1. Statutes That Do Not Provide for a Private Cause of Action**

First, several potential claims that are based on the Brady Handgun Violence Prevention Act, 18 U.S.C. § 922(d) and Ind. Code § 35-47-2-7, two statutes that do not provide for a private cause of action.

6

### i. Brady Handgun Violence Prevention Act (18 U.S.C. § 922(d))

18 U.S.C. §922(d) states:

> It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person—(1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year. . . .

18 U.S.C. §922(d). The penalty for violation of this statute is a fine, imprisonment, or both. 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (d) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.").

"Generally, a private citizen has no authority to initiate a federal criminal prosecution." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). Thus, if a private citizen wanted to initiate litigation for a violation of 18 U.S.C. § 922(d), the statute would need to provide a private cause of action. Although the Seventh Circuit Court of Appeals has not addressed this issue, several other courts have examined this question and determined that no private cause of action is created by the Brady Act. *See Daniel v. Armslist, LLC*, U.S. Dist. 2016 WL 660894, at *3 (E.D. Wis. 2016) (stating 18 U.S.C. § 922(d) does not "create a federal *civil* cause of action"); *Bannerman v. Mountain State Pawn, Inc.*, 2010 WL 9103469, at *7 (N.D.W.V. 2010) ("The language, legislative history, and purpose of § 922 do not create a substantive federal right of the plaintiff to recover damages."); *see also Starr v. Price*, 385 F. Supp. 2d 502, 512-13 (M.D. Pa. 2005) (holding "that 18 U.S.C. § 922 does not create a substantive right"); *Hopson v. Commonwealth Attorney's Office*, U.S. Dist. 2013 WL 1411234, at *4 (W.D. Ky. 2013) (stating § 922 "fails to provide Plaintiff with a private cause of action").

Based on this authority, the Court concludes that § 922(d) does not create a private cause of action. The Court therefore **DISMISSES WITH PREJUDICE** Mr. Price's Brady Act claim

that the Store violated 18 U.S.C. § 922(d) when it sold him the ammunition despite the Store's knowledge that Mr. Price was a "prohibited person." [Filing No. 1 at 8.]

### ii. Indiana Code § 35-47-2-7

Mr. Price's claim under Indiana Code § 35-47-2-7 similarly fails to state a claim. "As a general rule, a private party may not enforce rights under a statute designed to protect the public in general and containing a comprehensive enforcement mechanism." *LTV Steel Co. v. Griffin*, 730 N.E.2d 1251, 1260 (Ind. 2000), *reh'g denied*; *see also Coons v. Kaiser*, 567 N.E.2d 851, 852 (Ind. Ct. App. 1991). Indiana Code § 35-47-2-7 states:

> A person who knowingly or intentionally sells, gives, or in any other manner transfers the ownership or possession of a handgun to another person who the person knows: (1) is ineligible for any reason other than the person's age to purchase or otherwise receive from a dealer a handgun . . . commits criminal transfer of a handgun, a Level 5 felony. . . .

Ind. Code § 35-47-2-7. This statute is found under the Criminal Law and Procedure of the Indiana Code, and provides for criminal punishment in instances of violation. The statute contains no language providing for a private right of action. The Court therefore **DISMISSES WITH PREJUDICE** Mr. Price's claim under section 35-47-2-7.

### 2. Remaining Claims

Mr. Price's remaining federal claims are based on 42 U.S.C. § 1985(3), 42 U.S.C. § 1981, and the Fifth, Fourteenth, and Eighth Amendments of the Constitution. Mr. Price also appears to allege claims of negligence and intentional infliction of emotional distress under state law.

As noted, Mr. Price has a criminal matter pending which substantially overlaps with the facts of this case. While "[t]he Constitution does not require a stay of civil proceedings" while a criminal matter proceeds, a district court may exercise "its discretion to determine whether to stay civil proceedings when the interests of justice require such action." *Benevolence Int'l Found., Inc.*

8

*v. Ashcroft*, 200 F. Supp. 2d 935, 938 (N.D. Ill. 2002) (citing *United States v. Cordel¸* 397 U.S. 1, 12 n.27 (1970)) (collecting cases); *Jones v. City of Indianapolis*, 216 F.R.D. 440, 450-52 (S.D. Ind. 2003) (same). Courts may consider a "variety of factors" in assessing whether a stay is appropriate, including:

> (a) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to the plaintiff of a delay; (b) the burden which any particular aspect of the proceedings may impose on the defendant; (c) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (d) the interests of persons not parties to the civil litigation; and (e) the interest of the public in pending civil and criminal litigation.

*Benevolence Int'l Found*, 200 F. Supp. 2d at 938. Ultimately, "the court must balance the plaintiff's right to prepare his case promptly against the public interest in withholding full disclosure sought by the civil plaintiff." *Id.* (citing *Campbell v. Eastland*, 307 F.2d 478, 490 (5th Cir. 1962)).

Here, the substantial overlap between Mr. Price's allegations in this case and his indictment on charges of felon in possession of a firearm and ammunition demonstrate that a stay is appropriate in this case. Mr. Price will not be unduly prejudiced by the delay, as his case does not present any particular exigency. Furthermore, Mr. Price's allegations reflect what would likely be construed an entrapment defense in the criminal context. Due to the limitations on discovery in the criminal context, which the Court would have to honor in this case, Mr. Price would likely be unable to effectively litigate such claims in this case while the criminal matter remains pending. Most importantly, the Court finds that a stay would serve the interests of justice in first reaching a final judgment in Mr. Price's criminal matter, which will almost certainly alter the landscape of— if not fully resolve—his civil claims in this case. Based upon the overlap between Mr. Price's civil allegations and his pending criminal matter, the Court therefore concludes that a stay of this matter is warranted.

# III.
## CONCLUSION

For the reasons explained above, the Court **GRANTS** Mr. Price's Motion for Leave to Proceed In Forma Pauperis [2]. The Court **DISMISSES WITH PREJUDICE** Mr. Price's claims under 18 U.S.C. § 922(d) and Indiana Code § 35-47-2-7. The Court further **STAYS** and **ADMINISTRATIVELY CLOSES** this matter pending the entry of judgment in *United States v. Price*, No. 1:18-cr-348-JMS-MPB (S.D. Ind. filed Oct. 18, 2018). The Court **ORDERS** Mr. Price to file, within **21 days** of the entry of judgment in the criminal matter, one of the following:

- A motion informing the Court that the criminal matter has concluded and requesting that the Court vacate the stay and proceed with the viable claims identified in this Order,

- A motion informing the Court that the criminal matter has concluded and seeking leave to file an amended complaint, with any proposed amended complaint attached to the motion and omitting the dismissed claims, or

- A motion seeking the voluntary dismissal of this matter without prejudice.

Finally, the Court **DENIES** Mr. Price's Motion for Clerk's Entry of Default [4]. The Defendant has not yet been served and is therefore not in default. No process will issue until the stay has been lifted.

Date: 5/7/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution:**

MARK A. PRICE, JR.
649450
MARION COUNTY JAIL
Inmate Mail/Parcels
40 South Alabama Street
Indianapolis, IN 46204