UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK A. PRICE, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-001267-JMS-TAB |
| | ) | |
| INDY TRADING POST, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On May 7, 2019, the Court screened Plaintiff Mark A. Price, Jr.'s Complaint pursuant to 28 U.S.C. § 1915(e)(2), and concluded that Mr. Price's claims based on 18 U.S.C. § 922(d) and Ind. Code § 35-47-2-7 must be dismissed. [Filing No. 5.] The Court further concluded that Mr. Price's remaining claims should not proceed while his criminal matter, *United States v. Mark Price*, 1:18-cr-00348-JMS-MPB, remained pending, and the Court stayed Mr. Price's remaining claims and administratively closed this civil matter. [Filing No. 5.] Mr. Price was convicted following a jury trial of one count of possession of ammunition by a prohibited person, and two counts of possession of a firearm by a prohibited person. *See United States v. Mark Price*, 1:18-cr-00348-JMS-MPB (S.D. Ind. May 4, 2020), ECF No. 80. The Court has also denied Mr. Price's post-verdict motion. *Id.* at ECF No. 85. While Mr. Price has yet to be sentenced, a determination of his guilt is final. Accordingly, the Court now reopens this matter, lifts the stay on Mr. Price's remaining claims, and screens those claims.

# I.
## SCREENING

### A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To survive dismissal, the "complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Pro se* complaints such as that filed by Mr. Price are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### B.  Background

The following are the factual allegations in the Complaint.

On October 10, 2018, Mr. Price went to the Indy Trading Post (the "Store") on his girlfriend's behalf to look at ammunition and ask questions about ammunition for her.  [Filing No. 1 at 6.]  At the time, Mr. Price was on parole and was prohibited by law from purchasing ammunition.  [Filing No. 1 at 6.]  The Store asked for Mr. Price's identification, as if a background check was necessary for the purchase of ammunition.  [Filing No. 1 at 6.]  The Store conducted the background check solely based on "racial profiling."  [Filing No. 1 at 6].  A background check

was not necessary because Mr. Price did not indicate he was interested in purchasing anything and because background checks are not required for the purchase of ammunition in Indiana. [Filing No. 1 at 6.] The Store confirmed—through an online public records search and through communications with Special Agent Brian Clancy of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")—that Mr. Price had prior convictions and was therefore "ineligible" to purchase ammunition. [Filing No. 1 at 6.] Although the Store knew of Mr. Price's convictions, the Store did not advise Mr. Price that, due to his prior convictions, he was ineligible to purchase ammunition. [Filing No. 1 at 6.] Instead, the Store discriminated against Mr. Price and "targeted [him] for a crime because [he] was a black malefactor." [Filing No. 1 at 6.] The Store induced Mr. Price to place an order for ammunition, using a tactic called "mirroring,"[1] and by providing him with discounts and incentives and then refusing to return Mr. Price's money. [Filing No. 1 at 2.] Mr. Price would not have attempted to purchase the ammunition if he was "left alone" and not influenced by the Store. [Filing No. 1 at 3.] The Store placed an order for the ammunition for Mr. Price and told him that it would call him once the order was ready to be picked up. [Filing No. 1 at 6.]

On several occasions between October 12 and October 16, 2018, Mr. Price contacted the Store and attempted to rescind his purchase of the ammunition. [Filing No. 1 at 7.][2] However, the Store refused to provide Mr. Price with a full refund and further encouraged him to continue with

---

[1] While the precise meaning of the term is unclear, Mr. Price's use of the phrase "mirroring" may refer to the method of "[r]epeating the last word or phrase the person said to show you're listening and engaged." Eric Barker, *6 Hostage Negotiation Techniques That Will Get You What You Want*, TIME (Mar. 26, 2014), http://time.com/38796/6-hostage-negotiation-techniques-that-will-get-you-what-you-want/.

[2] The undersigned presided over the criminal jury trial, and the facts as characterized by Mr. Price do not necessarily comport with the evidence at trial. Given the standard of review, the Court will articulate Mr. Price's version.

the purchase by providing additional incentives including discounts on other items and free shooting range time for Mr. Price and his companion.  [Filing No. 1 at 7.]  Mr. Price reiterated to the Store that he had no intention of completing the transaction initiated on October 10, 2018 and that he wanted a cash refund.  [Filing No. 1 at 7.]

On October 16, 2018, the Store contacted Mr. Price to advise him that the purchased ammunition was ready to be picked up.  [Filing No. 1 at 8.]   Mr. Price and his girlfriend went to the store to pick up the order and to purchase additional ammunition.  [Filing No. 1 at 8.]  Mr. Price's girlfriend did not have money with her, and she asked Mr. Price to pay for the ammunition for her, which he did.  [Filing No. 1 at 8.]  The following day, Mr. Price contacted the Store and advised that he would be returning the ammunition he purchased on his first visit because it was "an unnecessary purchase." [Filing No. 1 at 9.]  The Store notified ATF Special Agent Clancy of Mr. Price's phone call and advised him that Mr. Price would be returning to the Store that day. [Filing No. 1 at 9.]  When Mr. Price returned to the store, Special Agent Clancy was "acting in an un[der]cover capacity" and he and someone who worked for the Store "literally placed a gun in [Mr. Price's] hand, which constitutes a clear violation of the Federal Firearms Laws set forth." [Filing No. 1 at 9.]  Mr. Price was only at the store that day to get a cash refund, and "[the ATF] along with [the Store] used that opportunity to apprehend [him] for a crime in which [the Store] originally manufactured." [Filing No. 1 at 9.]

In November 2018, Mr. Price was indicted in the United States District Court for the Southern District of Indiana for being a prohibited person in possession of ammunition.  [Filing No. 1 at 2.]  The Criminal Complaint, which initiated Mr. Price's criminal matter (preceding the formal Indictment and Superseding Indictment, which serve as the operative charging documents), alleged facts that track some of Mr. Price's allegations in this case: Mr. Price ordered ammunition

at the Store; Store employees asked for Mr. Price's identification; and Store employees contacted law enforcement when they found that Mr. Price had a prior felony conviction. Criminal Complaint, *United States v. Mark Price*, 1:18-cr-00348-JMS-MPB (S.D. Ind. Oct. 18, 2018), ECF No. 2 at 3. The Criminal Complaint indicates that on October 16, 2018, Mr. Price returned to the Store to purchase the ammunition. *Id.* The following day, Mr. Price returned to the Store to use the shooting range, and he was arrested. *Id.* at 4. On February 19, 2020, following a two-day jury trial, Mr. Price was convicted of one count of Felon in Possession of Ammunition and two counts of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Superseding Indictment, *United States v. Mark Price*, 1:18-cr-00348-JMS-MPB (S.D. Ind. Aug. 7, 2019), ECF No. 43; Jury Verdict, *United States v. Mark Price*, 1:18-cr-00348-JMS-MPB (S.D. Ind. Feb. 19, 2020), ECF No. 80.

Mr. Price initiated this civil lawsuit on March 28, 2019, asserting several claims against the Store. [Filing No. 1.] Mr. Price alleges that the Store conspired with the ATF to: (1) entrap him into committing the crime of being a prohibited person in possession of ammunition; (2) discriminate against him based on his race; and (3) deprive him of his civil rights. Mr. Price asserts that he suffered the following damages due to "the [Store's] negligence and unlawful acts": "emotional distress, pain and suffering, wrongful incarceration, loss of wages, loss of schooling, loss of barber equipment, loss of barber clientel[e], loss of precious and essential time away from [his] spouse and children, damaged reputation, student loan debt, accumulation of bills, and loss of vehicle, clothes, [and] housing." [Filing No. 1 at 10.] Mr. Price seeks the following relief: damages in the amount of $500,000 plus interest and costs, revocation of the Store's federal firearms license, liquidation of the Store's inventory, closure of the Store's business located at 2851 Madison Ave., Indianapolis, IN 46225, and imprisonment and/or fines imposed on the Store

("indictment charging [the Store] with the sale of ammunition to a prohibited person").  [Filing No. 1 at 4.]

### C. Discussion

The bases of Mr. Price's claims are that the Store conspired with the ATF to entrap him into committing the crimes of which he was convicted, and the Store and the ATF were part of a conspiracy to deprive him of equal protection under the law due to his race.  His claims are based on 42 U.S.C. § 1985(3), 42 U.S.C. § 1981, and the Fifth, Eighth, and Fourteenth Amendments to the Constitution, as well as claims of negligence and intentional infliction of emotional distress under state law.  In its Order dated May 7, 2019, the Court stayed these claims pending the conclusion of Mr. Price's criminal matter.  Now that the criminal matter has concluded, the Court will screen these claims in light of Mr. Price's convictions.

#### 1. Entrapment Claim

Mr. Price alleges that the Store conspired with the ATF to entrap him and induce him to commit the crimes for which he was charged.  [Filing No. 1 at 2-3.]  The settled law in these circumstances is that when a plaintiff makes a claim that, if successful, could invalidate his conviction, the claim must be brought as a habeas petition, not as a § 1983 claim.[3]  *Heck v. Humphrey*, 512 U.S. 477 (1994).  "In *Heck v. Humphrey*, [the Supreme Court] held that where success in a prisoner's [42 U.S.C.] § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citation omitted).

---

[3] *Heck* also applies to § 1985 claims.  *Beaven v. Young*, 175 F.3d 1019 (7th Cir. 1999) (citing *Heck*, 512 U.S. at 482-86).

Mr. Price's entrapment claim seeks a civil remedy for the Store's alleged involvement in the ATF's alleged entrapment of Mr. Price.  However, entrapment is a complete defense to a crime, and if Mr. Price had successfully asserted this defense at his criminal trial, he would not have been convicted.  *See Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 862 (7th Cir. 2004).  Therefore, Mr. Price's claim regarding entrapment, "if successful, necessarily implies the invalidity of the conviction[s] and under *Heck* is neither cognizable nor accrues until the conviction[s] [have] been overturned."  *Johnson v. Winstead*, 900 F.3d 428, 439 (7th Cir. 2018).  Accordingly, Mr. Price's claim regarding entrapment is not cognizable.  Thus, it fails to state a claim upon which relief may be granted and must be dismissed.  *Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Johnson*, 900 F.3d at 436 ("*Heck*-barred claims must be dismissed."); *Kramer*, 384 F.3d at 865 ("[E]ntrapment is an affirmative defense in a criminal case, not a cause of action under § 1983.").  The dismissal is without prejudice.  *See Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019); *Whitfield v. Howard*, 852 F.3d 656, 658 (7th Cir. 2017).

### 2. Constitutional Claims

In his Complaint, Mr. Price alleges that the Store "overstepped" federal, state, and "common sense" regulations and, as a consequence, his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments were violated.  [Filing No. 1 at 2-3 (listing "e.g. 5th amendment (due process), 14th amendment (due process, equal protection), [and] 8th amendment").  However, the regulations Mr. Price cites are federal and state statutes that do not provide a private cause of action, as this Court has already noted.  Further, Mr. Price's allegations regarding constitutional violations revolve around his theory that the Store conspired with the ATF to entrap him.  [Filing No. 1 at 2-3.]  As noted above, such claims "if successful, necessarily impl[y] the invalidity of the conviction[s] and under *Heck* [are] neither cognizable nor accrue[]

until the conviction[s] [have] been overturned." *Johnson*, 900 F.3d at 439.  Accordingly, Mr.

Price's constitutional claims are dismissed without prejudice.  *See Morgan*, 914 F.3d at 1122;

*Whitfield*, 852 F.3d at 658.

### 3.  *Racial Discrimination and Civil Conspiracy Claims*

Setting aside the entrapment theory, the other basis for Mr. Price's claims is that the Store

conspired with the ATF to deprive Mr. Price of equal protection under the law due to his race.  42

U.S.C. § 1985 provides a conspiracy claim for a plaintiff who can establish:  (1) a conspiracy; (2)

that the purpose of the conspiracy was to deprive a person of equal protection of the laws, or to

deprive a person of his privileges and immunities under the laws; (3) that an act was committed in

furtherance of the conspiracy; and (4) that an injury occurred as a result. *See Griffin v.*

*Breckenridge*, 403 U.S. 88, 102-04 (1971).  In order to state a conspiracy claim under § 1985 the

plaintiff "must allege that the acts complained of were the product of racial or class-based animus."

*Komasinski v. I.R.S.*, 588 F. Supp 974, 977 (N.D. Ind. 1984) (citing *Dunn v. State of Tenn.*, 697

F.2d 121 (6th Cir. 1982)).  "The function of a conspiracy claim under 42 U.S.C. § 1985(3) is to

permit recovery from a private actor who has conspired with state actors."  *Fairley v. Andrews*,

578 F.3d 518, 526 (7th Cir. 2009).  42 U.S.C. § 1981(a) provides all persons with

> the same right in every State and Territory to make and enforce contracts, to sue,
> be parties, give evidence, and to the full and equal benefit of all laws and
> proceedings for the security of persons and property as is enjoyed by white citizens,
> and shall be subject to like punishment, pains, penalties, taxes, licenses, and
> exactions of every kind, and to no other.

A claim under § 1981 is established when a plaintiff alleges that: "(1) he is a member of a racial

minority; (2) the defendant had an intent to discriminate; and (3) the discrimination concerned one

or more of the activities enumerated in the statute." *Sterling v. Kazmierczak*, 983 F. Supp. 1186,

1191 (N.D. Ill. 1997) (citing *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996)).

Although § 1981 is frequently invoked in employment litigation, courts also "evaluat[e] § 1981 claims made by plaintiffs who allege that they faced illegal discrimination in retail establishments." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 756 (7th Cir. 2006). Section 1981 "provide[s] a remedy to members of any racial or ethnic group." *Lubavitch-Chabad of Ill., Inc. v. Nw. Univ.*, 772 F.3d 443, 446 (7th Cir. 2014).

Mr. Price's allegations satisfy the first two elements of a claim under § 1981: the Complaint alleges that he is African American and that the Store had the intent to discriminate against him on the basis of race. [Filing No. 1 at 6.] However, Mr. Price has not sufficiently alleged that the Store's conduct was related to one of the activities enumerated in 42 U.S.C. § 1981, such as making a contract. *See Sterling*, 983 F. Supp. at 1191-92 (finding plaintiff's § 1981 claim fails because there are no allegations that plaintiff was prepared to make a purchase at store but was denied the ability to do so); *Bagley v. Ameritech Corp.*, 1999 WL 1069113 at *4 (N.D. Ill. Nov. 17, 1999) (finding plaintiff's § 1981 claim fails because he failed to "offer evidence that [defendant] refused to contract with him because of his race"). Mr. Price has not alleged that the Store refused him service; in fact, Mr. Price completed his purchase of the ammunition. Further, the Store's actions cannot be the basis of a § 1985(3) claim because Mr. Price's rights were not deprived—he did not have the right to purchase ammunition due to his status as a prohibited person. Even if the Store contacted the ATF based on racial animus, the ATF still had probable cause to arrest Mr. Price, and the valid criminal prosecution cannot be the basis of a discrimination claim. *See Whren v. United States*, 517 U.S. 806 (1996) (The Supreme Court's "cases foreclose the argument that ulterior motives can invalidate police conduct justified on the basis of probable cause."); *Ashcroft v. Al-Kidd*, 563 U.S. 731, 737 (2011) (stating that the Supreme Court has "almost uniformly

rejected invitations to probe subjective intent").  Therefore, any claim for racial discrimination based on 42 U.S.C. § 1981 and 1985(3) must be dismissed with prejudice.

### 4.  *State Law Claims*

Finally, Mr. Price appears to assert state law claims of negligence and intentional infliction of emotional distress.  Generally, courts in this circuit apply "the sensible presumption that if the federal claims drop out before trial, the district court should relinquish jurisdiction over the state-law claims." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (citations and emphasis omitted).  However, this is merely "a presumption and not a rule," *id.*, and the Court must balance "the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction," *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).  Supplemental jurisdiction may be retained if "substantial federal judicial resources have already been expended on the resolution of the supplemental claims" or if "it is obvious how the [supplemental] claims should be decided." *Williams*, 479 F.3d 904 at 907.

The Court finds that the exercise of supplemental jurisdiction over Mr. Price's state law claims is proper in this case, because the outcome of these claims is obvious.  The Court will address each of these claims in turn.

### i.  Negligence

To prevail on a negligence claim, "a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." *Peters v. Forster*, 804 N.E.2d 736, 738 (Ind. 2004) (citing *Benton v. City of Oakland City*, 721 N.E.2d 224, 232 (Ind. 1999)).  Mr. Price has not alleged any duty that the Store may have owed him.  Although Mr. Price alleges that after the Store discovered that he was a prohibited person, it "made no attempt to notify [him] of [his] ineligibility for any possible purchase, even though this information was public knowledge," [Filing No. 1 at 6], the

Court is not aware of any authority that would require a firearms store to inform a prohibited person that they are not permitted to purchase a firearm or ammunition, and "[a]ll citizens are presumptively charged with knowledge of the law," *Atkins v. Parker*, 472 U.S. 115, 130 (1985). Because Mr. Price has failed to allege that the Store owed him a duty, his negligence claim must be dismissed.

### ii.  Intentional Infliction of Emotional Distress

To prove a claim for intentional infliction of emotional distress, the plaintiff must establish that the defendants: (1) engaged in extreme and outrageous conduct (2) which intentionally or recklessly (3) caused (4) severe emotional distress to another. *Westminster Presbyterian Church of Muncie v. Yonghong Cheng*, 992 N.E.2d 859, 870 (Ind. Ct. App. 2013) (citing *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991)).  Indiana courts use a rigorous standard to establish extreme or outrageous conduct.  *Westminster*, 992 N.E.2d at 870.  Outrageous conduct must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Id.*  (citing *Bradley v. Hall*, 720 N.E.2d 747, 752–53 (Ind. Ct. App. 1999)).  "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'"  *Bradley*, 720 N.E.2d at 752-53.  Mr. Price's allegations, even if true, do not rise to the level of intentional infliction of emotional distress.  *See, e.g.*, *Ledford v. Rutledge*, 2018 WL 4216820, at *7 (N.D. Ind. Sept. 4, 2018) (plaintiff's allegations including "false testimony, fabrication of reasons to detain him, . . . verbal provocation, inappropriate physical contact, and false arrest" did not rise to level of Indiana's "rigorous" standard for intentional infliction of emotional distress).  Accordingly, this claim is dismissed.

## II.
### CONCLUSION

For the reasons explained above, the Court orders the following:

1. The stay in this matter is **LIFTED** and the Court directs the clerk to **REOPEN** this case;

2. Mr. Price's entrapment claim is **DISMISSED WITHOUT PREJUDICE**;

3. Mr. Price's constitutional claims are **DISMISSED WITHOUT PREJUDICE**;

4. Mr. Price's claims against Indy Trading Post for racial discrimination pursuant to 42 U.S.C. § 1981 and for civil conspiracy pursuant to 42 U.S.C. §1983 are **DISMISSED WITH PREJUDICE**; and,

5. Mr. Price's state law claims of negligence and intentional infliction of emotional distress are **DISMISSED WITH PREJUDICE**;[4]

Final judgment shall issue accordingly.

Date: 5/26/2020

*Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail:**

MARK A. PRICE, JR.
649450
MARION COUNTY JAIL
Inmate Mail/Parcels
40 South Alabama Street
Indianapolis, IN 46204

---

[4] Dismissal of Mr. Price's claims based on § 1981, §1985(3), and state law are with prejudice because he would not be able to cure the issues with those claims by amending his Complaint.